PETER GEORGE MYLONAS, ESQUIRE
ID #52562
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.
MARPLE EXECUTIVE CENTER
2725 WEST CHESTER PIKE
BROOMALL, PA 19008
(610) 355-1000
FAX (610) 355-2470

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER A. SENCHEREY ) | Docket No. |
| 2214 ALFRED DRIVE, APT. D ) | |
| YEADON, PA 19050 ) | |
|      Plaintiff ) | |
|      Vs. ) | |
| STOUT ROAD ASSOCIATES, INC. ) | |
| T/A HILTON PHILADELPHIA CITY ) | |
| AVENUE | |
| 4200 CITY AVENUE | |
| PHILADELPHIA, PA 19131 | |
|      Defendant | |

## COMPLAINT IN CIVIL ACTION

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by court without any further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demands y la notificatidn. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus the objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomard medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademds, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demands. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE SI NO TIENE ABOGADO 0 SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA 0 LLAME POD TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVER IGUAR DONDE SE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PETER GEORGE MYLONAS, ESQUIRE
ID #52562
LAW OFFICES OF PETER GEORGE MYLONAS, P.C.
MARPLE EXECUTIVE CENTER
2725 WEST CHESTER PIKE
BROOMALL, PA 19008
(610) 355-1000
FAX (610) 355-2470

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER A. SENCHEREY | ) Docket No. |
| 2214 ALFRED DRIVE, APT. D | ) |
| YEADON, PA 19050 | ) |
|     Plaintiff | ) |
|     Vs. | ) |
| STOUT ROAD ASSOCIATES, INC. | ) |
| T/A HILTON PHILADELPHIA CITY | ) |
| AVENUE | |
| 4200 CITY AVENUE | |
| PHILADELPHIA, PA 19131 | |
|     Defendant | |

## COMPLAINT IN CIVIL ACTION
### JURISDICTION

1. This court has jurisdiction over this matter as **PLAINTIFF'S** claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.,* as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981 and the Civil Rights Act of 1866, 42 U.S.C. Section 1981. Jurisdiction is invoked under Title VII, and 28 U.S.C. Sections 1331 and 1343. Furthermore, **DEFENDANT'S** conduct with regard to **PLAINTIFF** is violative of the Pennsylvania Human Relations Act, 43 P.S. 951 et seq. and the pendant jurisdiction of this Court is invoked to remedy that violation.   The matter in controversy exceeds the sum or value of **ONE HUNDRED THOUSAND DOLLARS ($100,000.00)** exclusive of interest and costs.

## PARTIES

**3. PLAINTIFF, JENNIFER A. SENCHEREY** was born a black female individual and was born in the Country of Ghana, West Africa and is otherwise an adult citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above-captioned address, who at all material times hereto, was subjected to intentional discrimination solely because of her ancestry and/or ethnic characteristics.

4. **DEFENDANT, STOUT ROAD ASSOCIATES, INC. T/A HILTON PHILADELPHIA CITY AVENUE,** is upon information and belief, a Pennsylvania Corporation or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania, with its registered place of business at 4200 City Line Avenue, Philadelphia, Pennsylvania.

**5.** At all material times hereto, Carla Thomas was employed by **DEFENDANT,** as Human Resource Director, Catherine Stafford (Caucasian) was employed by the **DEFENDANT** as Front Office Manager, all of whom collectively and jointly and severally were agents, servants and/or employees of the **DEFENDANT,** and all of whom jointly and severally and collectively engaged in race discrimination, harassment and discrimination based on national origin and race and otherwise collectively engaged in disparate treatment, pattern and practice of harassment and retaliation, as hereinafter set forth.

## FACTUAL BACKGROUND

**6.** At all relevant times hereto, **DEFENDANT** has been in the business of running and maintaining a Hotel known as **HILTON PHILADELPHIA CITY AVENUE,** and at all material times hereto, all of the named employees set forth in Paragraph 5 herein acted within the course, scope and authority of their respective employment relationships with

**DEFENDANT** and said **DEFENDANT** employed in excess of fifteen (15) employees at all material times hereto.

7. Beginning on or about August 24, 2006, **PLAINTIFF, JENNIFER A. SENCHEREY,** became employed by **DEFENDANT** as an at-will employee, in the capacity of a night auditor.

8. The **PLAINTIFF** was qualified because during her employment she performed her assigned duties in an exemplary manner.

9. The **PLAINTIFF** is a High School graduate with a Certificate for having completed Night Auditing classes propounded by **DEFENDANT.**

10. The **PLAINTIFF** was responsible for supervising all of **DEFENDANT'S** front desk employees, review and audit all accounting receipts, records and transaction from all **DEFENDANT'S** departments, including but not to **DEFENDANT'S** restaurants, bars, hotel revenues and process and transmit **DEFENDANT'S** revenues and taxes to the appropriate taxing authorities, and process customer check-ins and check-outs and answer **DEFENDANT'S** phones.

11. At all material times hereto, **PLAINTIFF** worked in a loyal and satisfactory manner, consistently performing at or above the level of her co-workers but **DEFENDANT,** by and through its agents, servants and/or employees, engaged in hostile disparate treatment, patterns and practice of racial and ethnic discrimination, harassment and retaliation where race was a significant factor in the **DEFENDANT'S** actions and decisions directly affecting the instant **PLAINTIFF,** at all material times hereto.

12. During the time **PLAINTIFF** worked for **DEFENDANT**, she was one of approximately four (4) black African born employees employed by **DEFENDANT.**

13. The **PLAINTIFF** was harassed by **DEFENDANT'S** agents, servants and/or employees: Catherine Stafford (white), Front Office Manager and Carla Thomas, Human Resources Director, at all material times hereto within the applicable four (4) and two (2) year Statute of Limitations as hereinafter set forth.

14. The **PLAINTIFF** was denied any performance evaluation.

15. The **PLAINTIFF** requested an evaluation numerous times, but was given excuses by **DEFENDANT'S** representatives for not receiving an evaluation.

16. The **PLAINTIFF** believes she was denied a performance evaluation by **DEFENDANT** so that **PLAINTIFF** would not receive a salary increment by **DEFENDANT.**

17. The **PLAINTIFF** believes that **DEFENDANT** also discharged **PLAINTIFF** in retaliation for reporting Carla Thomas, Human Resources Director because she would not permit **PLAINTIFF** to add **PLAINTIFF'S** new born son to her insurance benefits.

18. **DEFENDANT'S** agents, servants and/or employees never harassed nor verbally abused any of the **DEFENDANT'S** white employees, at all material times hereto.

19. The harassment was pervasive and regular over the past approximately year and a half because the **PLAINTIFF** was harassed on a daily and relentless basis, including but not limited to **DEFENDANT'S** agent, servant and employee Carla Thomas calling **PLAINTIFF** at home on January 22, 2008, after having just given birth approximately one month prior, demanding and threatening **PLAINTIFF** to immediately return to work otherwise **PLAINTIFF** was told she would be fired if she did not, notwithstanding **PLAINTIFF** orally begged not to be fired as **PLAINTIFF** continued to

bleed profusely from having given birth and **PLAINTIFF** was not yet medically released to return to work, which resulted in stress blisters.

20. On or about February 15, 2008, the **PLAINTIFF** was discharged by Catherine Stafford (white), Front Office Manager.

21. Ms. Stafford indicated to **PLAINTIFF** that her maternity leave was over and that **PLAINTIFF'S** doctor's notes would not be accepted regardless of **PLAINTIFF'S** medical condition.

23. The **PLAINTIFF** believes that she was discharged solely due to her sex, Country of Origin, and race discrimination.

24. The **PLAINTIFF** understood that she had three (3) months leave for maternity purposes.

25. **PLAINTIFF** provided documentation to the **DEFENDANT** that she was still under medical care during **PLAINTIFF'S** absence.

26. **PLAINTIFF** was discharged prior to three (3) months after having given birth.

27. "Regy" (last name unknown, male) was **DEFENDANT'S** front desk supervisor who was permitted by **DEFENDANT** to take multiple extensive medical leaves of absences and was frequently absent and was permitted to return to his position whenever he wanted.

28. "Regy" (last name unknown, male) who was **DEFENDANT'S** front desk supervisor was permitted by **DEFENDANT** to take frequent medical leaves of absences in excess of ninety (90) calendar days at a time on multiple occasions while **PLAINTIFF** was employed by **DEFENDANT** between 2006 through 2008 without restriction and without **DEFENDANT'S** termination of his position whatsoever.

**29.** "Lindsy" (last name unknown, female) was **DEFENDANT'S** gift shop clerk, who was pregnant and otherwise went on maternity leave approximately the same time as **PLAINTIFF.**

**30.** "Lindsy" (last name unknown, female) was **DEFENDANT'S** gift shop clerk, who was pregnant and otherwise went on maternity leave approximately the same time as **PLAINTIFF,** but was compelled and ordered by **DEFENDANT** to cut short her maternity leave to approximately six (6) weeks in duration and was not permitted to utilize her entitled full duration of her maternity leave.

**31.** Prior to her filing a Complaint against **DEFENDANT,** on or about April 3, 2008, **PLAINTIFF** dual filed a charge of discrimination against **DEFENDANT** with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC), alleging that **DEFENDANT** violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-953 at PHRC Case No. 200704853.

**32.** At all material times hereto, on or about June 1, 2009, **PLAINTIFF** obtained the requisite Title VII "Notice of Right to Sue" Letter from the EEOC, in conformance with the dictates of 42 U.S.C. Section 2000e-5(e), 5(f)(1); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). A true and correct copy of the "Notice of Right to Sue" letter from the EEOC, dated June 1, 2009, is attached hereto, made a part hereof and incorporated herein by reference as **EXHIBIT "A".**

**33. PLAINTIFF** received a written Right to Sue Acknowledgement from the PHRC, dated June 8, 2009, which confirmed that **PLAINTIFF** has exhausted her administrative remedies, in order to bring a Title VII claim and a claim pursuant to the Pennsylvania Human Relations Act, which expressly authorizes **PLAINTIFF** to pursue her legal rights and remedies against **DEFENDANT.** A true and correct copy of the Right to Sue

Acknowledgement from the PHRC, dated June 8, 2009, is attached hereto, made a part hereof and incorporated herein by reference as **EXHIBIT "B"**.

34. At all material times hereto, **PLAINTIFF'S** claim under Title VII is valid and all pre-requisites thereto have been satisfied and **PLAINTIFF** complied with the procedural requirements of the PHRA.

## CAUSES OF ACTION

### COUNT I: TORT OF WRONGFUL DISCHARGE

35. **PLAINTIFF, JENNIFER A. SENCHEREY** hereby incorporates by reference Paragraphs 1 through and including 34, of the instant **CIVIL ACTION COMPLAINT**, as though more fully set forth herein at length.

36. **PLAINTIFF** was unlawfully terminated by **DEFENDANT** on or about February 15, 2008 without cause nor legal justification.

37. As a result of the intentionally discriminatory actions of the **DEFENDANT**, the **PLAINTIFF** has sustained injury in the form of lost wages, including but not limited to double back pay, front pay, including payment of all vacation, medical, insurance and retirement benefits or their dollar value as though **PLAINTIFF** worked her remaining years until she reaches the age of seventy (70), loss of employment opportunities, and emotional trauma and mental pain and suffering.

38. **PLAINTIFF,** being born black and born a West African National from the Country of Ghana and treated badly by the **DEFENDANT,** by and through its agents, servants and/or employees, at all material times hereto, constitutes both race and ethnic discrimination.

**39.** As a direct and proximate result of the aforesaid tortuous wrongful discharge, **PLAINTIFF, JENNIFER A. SENCHEREY** avers that she may have sustained other injuries, including but not limited to economic damages and non-economic damages.

**40.** As a direct and proximate result of the aforesaid tortuous wrongful discharge, **PLAINTIFF, JENNIFER A. SENCHEREY** has undergone in the past and will in the future continue to undergo and suffer great physical pain and suffering, as well as emotional distress and anguish, all of which may continue in the future.

**WHEREFORE, PLAINTIFF, JENNIFER A. SENCHEREY** demands judgment against **DEFENDANT:**

**(A)** In lieu of reinstatement, since so much ill will has been demonstrated and generated by the wrongful discriminatory actions and words of termination herein, **PLAINTIFF** seeks compensatory damages, double back pay liquidated damages and front pay, including but not limited to payment of all applicable vacation, medical, insurance and retirement benefits or their dollar value as though **PLAINTIFF** worked the remaining years in her career until she reaches age seventy (70);

**(B)** Damages for emotional distress, pain and suffering inflicted on **PLAINTIFF** because of her wrongful termination due to her race and ethnicity;

**(C)** Punitive damages for the intentional actions and/or omissions of the **DEFENDANT,** by and through its authorized agents, servants and/or employees, as set forth hereinabove;

**(D)** Payment of **PLAINTIFF'S** actionable costs and expenses of this action, including reasonable attorney's fees;

**(E)** For such other and further relief as this Honorable Court may deem equitable and just.

## COUNT II: BREACH OF CIVIL RIGHTS ACT

### 42 U.S.C. SECTION 1981(a),(b) & (c)

### Race Discrimination

**41. PLAINTIFF, JENNIFER A. SENCHEREY** hereby incorporates by reference Paragraphs 1 through and including 40, of the instant **CIVIL ACTION COMPLAINT**, as though more fully set forth herein at length.

**42.** The **PLAINTIFF'S** protected class is race, Black and ethnicity a West African National from the Country of Ghana and **PLAINTIFF** was subjected to intentional discrimination solely because of her ancestry and/or ethnic characteristics.

**43.** The harassment set forth above was ongoing from approximately March, 2007 through and including the date of the wrongful termination of the **PLAINTIFF** on or about February 15, 2008, including but not limited to the time since on or about when **PLAINTIFF** became pregnant.

**44.** The **PLAINTIFF** was harassed on a consistent and constant basis, whereby **PLAINTIFF** was most frequently harassed by **DEFENDANT'S** agent, servant and/or employee, Catherine Stafford (Caucasian), Front Office Manager, but also by **DEFENDANT'S** agent, servant and/or employee, Carla Thomas, **DEFENDANT'S** agent, servant and/or employee and other agents, servants and/or employees of the **DEFENDANT**, (all Caucasian) either directly or through their condoning the actions of the harassers.

**45.** Examples of the Harassment include but are not limited to the following:

**(a)** The **PLAINTIFF** was required to perform tasks alone which normally have two (2) or more co-employees assigned to them (eg. When a co-worker went out on maternity

leave in May, 2005 the **PLAINTIFF** was expected to take over her duties in addition to her own).

   **(b)** The **DEFENDANT'S** agents, servants and/or employees ignored the **PLAINTIFF'S** repeated requests for help while pregnant and then they would criticize **PLAINTIFF**.

   **(c)** Purposely overworked **PLAINTIFF** by failing to hire an adequate number of auditing workers and failing to provide **PLAINTIFF** with a chair while pregnant.

   **(d)** Refusing **PLAINTIFF** permission to utilize the bathroom facilities while working and insisted and ordered **PLAINTIFF** to lift heavy accounting records, while pregnant.

   **46.** The **DEFENDANT'S** harassment reached new levels on or about February 15, 2008, when the **PLAINTIFF** was called by **DEFENDANT'S** agent, servant and employee, Catherine Stafford and told that her doctor's note legitimizing her absence due to post-partum medical complications would be unilaterally rejected and **PLAINTIFF** was further informed: "You no longer have a job" that it was "too late" and "that's it," based on her pregnancy, race and ethnicity.

   **47.** The **PLAINTIFF'S** complaints of harassment were dismissed and she was terminated from her position as night auditor.

   **48.** The harassment was pervasive and regular and the **PLAINTIFF** was detrimentally and emotionally affected because the constant harassment had placed **PLAINTIFF** under emotional stress and made **PLAINTIFF** apprehensive that the intent behind it was to force **PLAINTIFF** to resign her position.

   **49.** Based upon the foregoing, **DEFENDANT** violated Section 1981(a) and (b) of the Civil Rights Act, 42 U.S.C. Section 1981 et. seq.

**50.** The **PLAINTIFF** prays that the **DEFENDANT** be required to provide all appropriate remedies under Section 1981(a) and (b) of the Civil Rights Act, 42 U.S.C. Section 1981 et. seq.

**51.** At all material times hereto, the racial animus necessary for liability was based not only on hostility and dislike by **DEFENDANT,** by and through its agents, servants and/or employees, but also that race and ethnicity were significant factors in **DEFENDANT'S** decisions to demote and ultimately fire **PLAINTIFF.**

**52.** At all material times hereto, **PLAINTIFF** was denied similar benefits, terms, conditions, or privileges of the at-will employment contractual relationship as others outside the class arising under 42 U.S.C. Section 1981(b).

**53. PLAINTIFF,** being born black and born a West African National from the Country of Ghana and treated badly by the **DEFENDANT,** by and through its agents, servants and/or employees, at all material times hereto, constitutes both race and ethnic discrimination.

**54.** As a direct and proximate result of the aforesaid tortuous wrongful discharge and racial and ethnic discrimination, **PLAINTIFF, JENNIFER A. SENCHEREY** avers that she may have sustained other injuries, including but not limited to economic damages and non-economic damages.

**55.** As a direct and proximate result of the aforesaid tortuous wrongful discharge and racial and ethnic discrimination, **PLAINTIFF, JENNIFER A. SENCHEREY** has undergone in the past and will in the future continue to undergo and suffer great physical pain and suffering, as well as emotional distress and anguish, all of which may continue in the future.

**WHEREFORE, PLAINTIFF, JENNIFER A. SENCHEREY** demands judgment against **DEFENDANT:**

**(A)** In lieu of reinstatement, since so much ill will has been demonstrated and generated by the wrongful discriminatory actions and words of termination herein, **PLAINTIFF** seeks compensatory damages, double back pay liquidated damages and front pay, including but not limited to payment of all applicable vacation, medical, insurance and retirement benefits or their dollar value as though **PLAINTIFF** worked the remaining years in her career until she reaches age seventy (70);

**(B)** Damages for emotional distress, pain and suffering inflicted on **PLAINTIFF** because of her wrongful termination due to her race and ethnicity, pursuant to 42 U.S.C. Section 1981(b)(4);

**(C)** Punitive damages for the intentional actions and/or omissions of the **DEFENDANT,** by and through its authorized agents, servants and/or employees, as set forth hereinabove;

**(D)** Payment of **PLAINTIFF'S** actionable costs and expenses of this action, including reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

**(E)** For such other and further relief as this Honorable Court may deem equitable and just.

### COUNT III: BREACH OF PENNSYLVANIA HUMAN RELATIONS ACT

### SECTIONS 5(a) & 9 OF 43 P.S. SECTION 951-963

### Race Discrimination

**56. PLAINTIFF, JENNIFER A. SENCHEREY** hereby incorporates by reference Paragraphs 1 through and including 57, of the instant **CIVIL ACTION COMPLAINT**, as though more fully set forth herein at length.

57. The **PLAINTIFF'S** protected class is race, Black and ethnicity, a West African National from the Country of Ghana and **PLAINTIFF** was subjected to intentional discrimination solely because of her ancestry and/or ethnic characteristics.

58. The harassment set forth above was ongoing from approximately March, 2007 through and including the date of the wrongful termination of the **PLAINTIFF** on or about February 15, 200ϑ, including but not limited to the time since on or about when **PLAINTIFF** became pregnant.

59. The **PLAINTIFF** was harassed on a consistent and constant basis, whereby **PLAINTIFF** was most frequently harassed by **DEFENDANT'S** agent, servant and/or employee, Catherine Stafford (Caucasian), Front Desk Manager, but also by **DEFENDANT'S** agent, servant and/or employee, Carla Thomas, **DEFENDANT'S** agent, servant and/or employee, and other agents, servants and/or employees of the **DEFENDANT**, (all Caucasian) either directly or through their condoning the actions of the harassers.

60. Additional examples of the Harassment include but are not limited to the following:

(a) The **PLAINTIFF** was required to perform tasks alone which normally have two (2) or more co-employees assigned to them (eg. When a co-worker went out on maternity leave in May, 2005 the **PLAINTIFF** was expected to take over her duties in addition to her own).

(b) The **DEFENDANT'S** agents, servants and/or employees ignored the **PLAINTIFF'S** repeated requests for help while pregnant and then they would criticize **PLAINTIFF**.

(c) Purposely overworked **PLAINTIFF** by failing to hire an adequate number of auditing workers and failing to provide **PLAINTIFF** with a chair while pregnant.

(d) Refusing **PLAINTIFF** permission to utilize the bathroom facilities while working and insisted and ordered **PLAINTIFF** to lift heavy accounting records, while pregnant.

61. The **DEFENDANT'S** harassment reached new levels on or about February 15, 2008, when the **PLAINTIFF** was called by **DEFENDANT'S** agent, servant and employee, Catherine Stafford and told that her doctor's note legitimizing her absence due to post-partum medical complications would be unilaterally rejected and **PLAINTIFF** was further informed: "You no longer have a job" that it was "too late" and "that's it," based on her pregnancy, race and ethnicity.

62. The **PLAINTIFF'S** complaints of harassment were dismissed and she was terminated from her position as night auditor.

63. The harassment was pervasive and regular and the **PLAINTIFF** was detrimentally and emotionally affected because the constant harassment had placed **PLAINTIFF** under emotional stress and made **PLAINTIFF** apprehensive that the intent behind it was to force **PLAINTIFF** to resign her position.

64. Based upon the foregoing, the **PLAINTIFF** alleges that the **DEFENDANT** violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

65. The **PLAINTIFF** prays that the **DEFENDANT** be required to provide all appropriate remedies under Section 9 of the Pennsylvania Human Relations Act.

66. At all material times hereto, the racial animus necessary for liability was based not only on hostility and dislike by **DEFENDANT,** by and through its agents, servants and/or employees, but also that race and ethnicity were significant factors in **DEFENDANT'S** decisions to demote and ultimately fire **PLAINTIFF**.

**67.** At all material times hereto, **PLAINTIFF** was denied similar benefits, terms, conditions, or privileges of the at-will employment contractual relationship as others outside the class arising under Sections 5(a) and 9 of the Pennsylvania Human Relations Act.

**68. PLAINTIFF,** being born black and born a West African National from the Country of Ghana and treated badly by the **DEFENDANT,** by and through its agents, servants and/or employees, at all material times hereto, constitutes both race and ethnic discrimination.

**69.** As a direct and proximate result of the aforesaid tortuous wrongful discharge and racial and ethnic discrimination, **PLAINTIFF, JENNIFER A. SENCHEREY** avers that she may have sustained other injuries, including but not limited to economic damages and non-economic damages.

**70.** As a direct and proximate result of the aforesaid tortuous wrongful discharge and racial and ethnic discrimination, **PLAINTIFF, JENNIFER A. SENCHEREY** has undergone in the past and will in the future continue to undergo and suffer great physical pain and suffering, as well as emotional distress and anguish, all of which may continue in the future.

**WHEREFORE, PLAINTIFF, JENNIFER A. SENCHEREY** demands judgment against **DEFENDANT:**

**(A)** In lieu of reinstatement, since so much ill will has been demonstrated and generated by the wrongful discriminatory actions and words of termination herein, **PLAINTIFF** seeks compensatory damages, double back pay liquidated damages and front pay, including but not limited to payment of all applicable vacation, medical, insurance and

retirement benefits or their dollar value as though **PLAINTIFF** worked the remaining years in her career until she reaches age seventy (70);

(B) Damages for emotional distress, pain and suffering inflicted on **PLAINTIFF** because of her wrongful termination due to her race and ethnicity;

(C) Punitive damages for the intentional actions and/or omissions of the **DEFENDANT,** by and through its authorized agents, servants and/or employees, as set forth hereinabove;

(D) Payment of **PLAINTIFF'S** actionable costs and expenses of this action, including reasonable attorney's fees;

(E) For such other and further relief as this Honorable Court may deem equitable and just.

### COUNT IV: BREACH OF TITLE VII OF CIVIL RIGHTS ACT

### 42 U.S.C. SECTION 2000 et. seq.

### Race Discrimination

71. **PLAINTIFF, JENNIFER A. SENCHEREY** hereby incorporates by reference Paragraphs 1 through and including 70, of the instant **CIVIL ACTION COMPLAINT**, as though more fully set forth herein at length.

72. The **PLAINTIFF'S** protected class is race, Black and ethnicity, a West African National from the Country of Ghana and **PLAINTIFF** was subjected to intentional discrimination solely because of her ancestry and/or ethnic characteristics.

73. The harassment set forth above was ongoing from approximately March, 2007 through and including the date of the wrongful termination of the **PLAINTIFF** on or about February 15, 2008, including but not limited to the time since on or about when **PLAINTIFF** became pregnant.

-17-

**74.** The **PLAINTIFF** was harassed on a consistent and constant basis, whereby **PLAINTIFF** was most frequently harassed by **DEFENDANT'S** agent, servant and/or employee, Catherine Stafford (Caucasian), Front Desk Manager, but also by **DEFENDANT'S** agent, servant and/or employee, Carla Thomas, and other agents, servants and/or employees of the **DEFENDANT**, (all Caucasian) either directly or through their condoning the actions of the harassers.

**75.** Additional examples of the Harassment include but are not limited to the following:

**(a)** The **PLAINTIFF** was required to perform tasks alone which normally have two (2) or more co-employees assigned to them (eg. When a co-worker went out on maternity leave in May, 2005 the **PLAINTIFF** was expected to take over her duties in addition to her own).

**(b)** The **DEFENDANT'S** agents, servants and/or employees ignored the **PLAINTIFF'S** repeated requests for help while pregnant and then they would criticize **PLAINTIFF**.

**(c)** Purposely overworked **PLAINTIFF** by failing to hire an adequate number of auditing workers and failing to provide **PLAINTIFF** with a chair while pregnant.

**(d)** Refusing **PLAINTIFF** permission to utilize the bathroom facilities while working and insisted and ordered **PLAINTIFF** to lift heavy accounting records, while pregnant.

**76.** The **PLAINTIFF'S** complaints of harassment were dismissed and she was unilaterally fired from her position.

**77.** The harassment was pervasive and regular and the **PLAINTIFF** was detrimentally and emotionally affected because the constant harassment had placed

**PLAINTIFF** under emotional stress and made **PLAINTIFF** apprehensive that the intent behind it was to force **PLAINTIFF** to resign her position.

**78.** Based upon the foregoing, **DEFENDANT** violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 et. seq.

**79.** The **PLAINTIFF** prays that the **DEFENDANT** be required to provide all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 et. seq.

**80.** At all material times hereto, the racial animus necessary for liability was based not only on hostility and dislike by **DEFENDANT,** by and through its agents, servants and/or employees, but also that race and ethnicity were significant factors in **DEFENDANT'S** decision to unilaterally fire **PLAINTIFF.**

**81.** At all material times hereto, **PLAINTIFF** was denied similar benefits, terms, conditions, or privileges of the at-will employment contractual relationship as others outside the class arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 et. seq.

**WHEREFORE, PLAINTIFF, JENNIFER A. SENCHEREY** demands judgment against **DEFENDANT:**

**(A) PLAINTIFF** seeks compensatory damages, double back pay liquidated damages and front pay, from the date of demotion, including but not limited to payment of all applicable vacation, medical, insurance and retirement benefits or their dollar value as though **PLAINTIFF** worked the remaining years in her career until she reaches age seventy (70);

**(B)** Damages for emotional distress, pain and suffering inflicted on **PLAINTIFF** because of her wrongful demotion due to her race and ethnicity;

(C) Punitive damages for the intentional actions and/or omissions of the **DEFENDANT,** by and through its authorized agents, servants and/or employees, as set forth hereinabove;

(D) Payment of **PLAINTIFF'S** actionable costs and expenses of this action, including reasonable attorney's fees;

(E) For such other and further relief as this Honorable Court may deem equitable and just.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF PETER GEORGE MYLONAS, P.C.

BY: _____

PETER GEORGE MYLONAS, ESQUIRE
ATTORNEY FOR PLAINTIFF

Dated: June 15, 2009

## <u>V E R I F I C A T I O N</u>

I, **JENNIFER A. SENCHEREY,** verify that the statements and facts set forth in the foregoing **COMPLAINT IN CIVIL ACTION** are true and correct to the best of my knowledge, information and belief and that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

**JENNIFER A. SENCHEREY**

Date: 6/15/09